**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEBRA AUGUSTUS )<br>2610 Hatteras Court )<br>Waldorf, MD 20601, )<br>   )<br>   Plaintiff, )<br>   )<br>   v.   )<br>   )<br>WILBUR ROSS, Secretary, )<br>U.S. Department of Commerce, )<br>1401 Constitution Avenue N.W. )<br>Washington, D.C. 20230 )<br>   )<br>   Defendant. )<br>   ) | Civil Action No.<br><br>Jury Trial Demanded |

**COMPLAINT**

Debra Augustus ("Plaintiff"), by and through her undersigned counsel, complains of the Department of Commerce ("Defendant" or "Agency") as follows:

**NATURE OF THE CASE**

1. Since 2007, Plaintiff has been a dedicated and stalwart member of the Facilities Management Division, Office of Facilities and Environment Quality, Department of Commerce. Through her years of hard work and dedication, Plaintiff has gained valuable and substantial experience that should have enabled her to advance within the Agency through promotional opportunities. Such an opportunity presented itself in January 2013, when the Agency posted a Business Management Specialist ("BMS") position that would have been a substantial promotion for the Plaintiff. Understanding her experience and qualifications exceeded the requirements for the position, and confident that she would be the most qualified applicant, Plaintiff applied expecting to receive the position.

1

2. However, Plaintiff had previous EEO activity that management had active knowledge of—indeed, discussions were held between members of management regarding the status of her previous complaint and several witnesses attested to management's "concern" and "paranoia" regarding EEO complaints.  Therefore, the Agency took steps to eliminate all applicants who had prior EEO activity, including Plaintiff, from being considered for the position by restructuring the position in an unnecessary and arbitrary manner to disqualify qualified applicants, *i.e.* Plaintiff, from the position.  Then, the Agency took the egregious step to cancel the entire BMS position due solely to the EEO complaints that had been filed.

3. Accordingly, Plaintiff alleges that the Agency subjected her to retaliation for her prior EEO activities and brings this action to recover damages for the Agency's violations of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction and venue is proper because the unlawful employment practices were committed in this judicial district, the relevant employment records are maintained and administered in this judicial district and the Agency employed Plaintiff in Washington, D.C.

5. Plaintiff has exhausted all of her administrative remedies and timely filed this complaint within 90-days of receipt of the Office of Federal Operations of the U.S. Equal Employment Opportunity Commission ("EEOC") decision dated July 17, 2018.

## PARTIES

6. Plaintiff is a resident of Waldorf, Maryland.

7. On information and belief, Wilbur Ross, Secretary, Department of Commerce, is named in his official capacity as Secretary of the Agency that employed Plaintiff within the U.S. Government.

## **FACTS**

### *Background*

8. Plaintiff has worked at the Agency within the Facilities Services Division as an Equipment Facilities Service Assistance (formerly known as Facilities Service Assistance) since 2007.

9. On June 18, 2008, Plaintiff met with Mr. Doug Elznic, her then second-line supervisor, and two Office of Civil Rights mediators to resolve her informal complaint of discrimination. On June 23, 2008, Plaintiff filed a complaint of discrimination against her first line supervisor, Patricia McNutt, and her then-second line supervisor Doug Elznic alleging that she was not being compensated properly for the duties performed because of her race and sex. Plaintiff subsequently filed a lawsuit regarding the same complaint in May 2009, and successfully defeated a Motion to Dismiss in March 2010.

10. On or about June 15, 2009, Plaintiff filed another formal complaint of discrimination based upon events like or related to her previous discrimination complaint, alleging race, sex, and retaliation for previous EEO activity against her supervisor Ms. McNutt. On September 1, 2009, Plaintiff amended her formal complaint of discrimination to include more events that are like or related to her previous discrimination complaint.

11. In 2010, Plaintiff attended mediation with Mr. Michel "Mick" Rusten regarding her outstanding EEO complaints.

12. In August 2010, Plaintiff withdrew her Agency EEO complaint to proceed in federal court.

13. In March 2012, Agency filed its' summary judgment motion in federal court, to which the Plaintiff responded in April 2012. A decision on summary judgment was issued on March 30, 2013.

14. Throughout the relevant time period of the instance complaint, Plaintiff was involved in ongoing litigation against the Agency involving her previously filed EEO complaints. Indeed,

Ms. McNutt, Mr. Elznic, Mr. Rusten, and other members of management, continued to discuss Plaintiff's EEO activities and the status of her complaints during managerial meetings. Indeed, several witnesses' testimony corroborated that management was "worried" or "concerned" with EEO complaints.

*Plaintiff Applies for Business Management Specialist Position as a Band II or III Level*

15. On January 9, 2013, the Agency posted Vacancy Announcement OSOAS-2013-0008/9 (hereinafter "VAN 0008/9") to recruit for the position of BMS, ZA-1176-02/03.

16. VAN 0008/9 was posted as a Band II *or* Band III level position and experience in areas such as landscaping, janitorial, trash, cafeteria, pest control, contracts, and room reservation.

17. On January 14, 2013, Plaintiff applied for the BMS position at the Band Level II.

18. Plaintiff had the required grade in service requirements and she also had superior qualifications for the BMS position, VAN 0008/9.

19. On information and belief, Mr. Rusten became aware of Plaintiff's application for VAN 0009/9 shortly after her submission.

*Agency Cancels and Restructures the Duties for the BMS Position to Disqualify Plaintiff from Position*

20. On January 24, 2013, Mr. Rusten instructed Human Resources Specialist, Ms. Kimberly Trimble, to cancel VAN 0008/9.

21. VAN 0008/9 was the only procurement and/or selection that Mr. Rusten directed to be cancelled and/or changed.

22. Under Mr. Rusten's instruction, the vacancy transformed into a hybrid position between Facilities Services and Building Management. Specifically, Mr. Rusten added duties of "conducting preventative maintenance and inspection of mechanical, electrical, and plumbing systems" as well as serving as the back-up administrator for Maximo system. The additional

duties added to the BMS position had never been conducted within Facilities Services prior to this restructuring.

23. As a result of the added duties, the vacancy was pushed into a Band III position, which cost the Agency an additional $47,000.

24. Ms. McNutt protested the newly added duties, as she was concerned with supervising the individual without adequate knowledge of all tasks (*i.e.* preventative maintenance and Maximo) assigned to the incoming candidate. Ms. McNutt further informed Mr. Elznic that raising the position to a Band III was nonsensical as the Agency was "going to pay $85,000 when [the Agency has] people on the staff that are qualified for a much lower salary."

*Agency Posts Newly Restructured Vacancy Disqualifying Plaintiff*

25. On June 13, 2013, the Agency reposted the BMS position as a Band III position under VAN OSOAS-2013-0030 (hereinafter VAN 30).

26. Plaintiff applied for VAN 30 on June 17, 2013 but did not have the necessary time in grade requirements. Thus, Plaintiff was disqualified by Ms. Trimble for the position.

*The Agency Cancels Newly Restructured Announcement Due to Improper Hiring Practices*

27. Since Mr. Rusten served as the subject matter expert (hereinafter "SME") on the VAN 30, he was informed by Ms. Trimble that he could not act as the selecting official nor could he "*participate in the interview process* for candidates who were referred for selection consideration."

28. Although Mr. Rusten acknowledge that he understood Ms. Trimble's explicit direction, Mr. Rusten was present in the room for the second round of interviews, and asked questions of the candidates during the interview panel, constituting participation in the interview process.

29. Ultimately, the applicant pool was narrowed down to two candidates – both of the finalists had never engaged in protected activities. After the second round of interviews, the selecting

official, Mr. Elznic, with the influence of Mr. Rusten, selected Mr. Waterman for VAN 30.

30. Upon information and belief, Mr. Waterman was not qualified for the position and lacked experience necessary for the position.

31. On or about August 29, 2013, the Director of the Office of Staffing, Recruitment, and Classification, notified Mr. Rusten that due to his impermissible participation in the interview and selection process for VAN 30, the position could no longer be filled and must be cancelled.

*Agency Cancels the Position due to EEO Complaints*

32. On September 13, 2013, the Agency once again reposted the BMS, ZA-III position under VAN OSOAS-2013-0036 (VAN 36). Ms. Trimble characterized the multiple cancellations and re-advertisements of the vacancy as "unusual" and added that she had "never seen it happen before" in her eighteen years of experience within Human Resources.

33. However, on September 19, 2013, Fred Stephens, Assistant Secretary for Administration, directed Mr. Rusten to cancel VAN 36 due to the number of EEO complaints filed regarding the cancelled vacancies.

34. Defendant departed from its protocol to ensure Plaintiff's non-selection for VAN 0008/9, VAN 30, and VAN 36 based on her prior EEO activity.

## COUNT 1

(*Title VII-Retaliation for Prior EEO Activity*)

35. Plaintiff repeats and realleges paragraphs 1–34, as if fully set forth herein.

36. By and through their conduct, Defendant subjected Plaintiff to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

37. Defendant acted with malice or reckless indifference to Plaintiff's rights.

38. As a result, Plaintiff has suffered damages, including but not limited to lost wages and

6

benefits, emotional distress, and pain and suffering; and seeks punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts contained in the Complaint.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against the Defendant on all Counts and award Plaintiff lost wages and benefits, compensatory damages in the amount of $300,000, or in an amount to be determined at trial, for pain and suffering and emotional distress, pre- and post-judgment interest, costs, attorneys' fees, punitive damages, and any such other relief as is just and proper.

Date:   October 17, 2018

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

By: /s/
Rani Rolston [DC Bar 974052]
ALAN LESCHT & ASSOCIATES, P.C.
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Fax: (202) 463-6067
rani.rolston@leschtlaw.com
*Attorneys for Plaintiff*